UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
HILLARY JOHNSON,  
                Plaintiff,  
v.

**OPINION AND ORDER**

MAGNOLIA PICTURES LLC; 3 FACES
FILMS LLC; MOTTO PICTURES; CNN
FILMS, a division of Turner Broadcasting
Systems, Inc.; and MICHAEL RADNER.,  
                Defendants.
--------------------------------------------------------------x

18 CV 9337 (VB)

Briccetti, J.:

      Plaintiff Hillary Johnson brings this action under the Copyright Act against defendants Magnolia Pictures LLC, 3 Faces Films LLC, Motto Pictures, and CNN Films (collectively, the "moving defendants"), as well as Michael Radner.[1] Plaintiff claims defendants have infringed her copyrights by using in a commercial film audiotapes of interviews plaintiff conducted of the late actress and comedian Gilda Radner. Plaintiff also purports to bring a claim for a declaratory judgment.

      Now pending is the moving defendants' motion to dismiss plaintiff's claims against them pursuant to Rule 12(b)(6), and to award the moving defendants costs and attorney's fees pursuant to 17 U.S.C. § 505. (Doc. #23).

      For the following reasons, the motion is GRANTED.

      The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

---

[1] Defendant Radner has answered the complaint. (Doc. #38).

**BACKGROUND**

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and its exhibits and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff, a professional journalist, claims she was hired in 1987 by nonparty book publisher Simon & Schuster to interview Gilda Radner. Ms. Radner, the sister of defendant Michael Radner, was then suffering from ovarian cancer and had allegedly contracted to write a book about her experience. Simon & Schuster hired plaintiff "to draw Radner out and help her organize her thoughts for the book." (Doc. #22 ("Am. Compl.") ¶ 11).

Plaintiff allegedly interviewed Ms. Radner weekly and audiotaped the interviews (the "recorded interviews"), for which plaintiff claims she "invested significant time and effort creating questions." (Am. Compl. ¶ 13). Plaintiff asserts "her creativity and skill as an interviewer" generated "material that contributed to the commercial success" of Ms. Radner's book, an autobiography entitled "It's Always Something," published by Simon & Schuster in 1989. (Id. ¶ 13).

According to plaintiff, the recorded interviews are "copyrighted works" that are "separate and discrete" from the book or manuscript itself. (Am. Compl. ¶ 15). Plaintiff claims she at least co-owns the copyrights in the recorded interviews, any excerpts of the recorded interviews, and any derivative works using the recorded interviews. However, the amended complaint states plaintiff cannot register her copyrights in the recorded interviews because she does not have a copy of the audiotapes, which defendants allegedly possess, and of which defendants have allegedly refused to provide plaintiff a copy.

According to the amended complaint, defendants used excerpts of the recorded interviews in a film they produced about Ms. Radner entitled "Love, Gilda." In 2016, the film's producer contacted plaintiff, told plaintiff the producer had discovered the audiotapes of the recorded interviews in Michael Radner's attic, expressed excitement about potentially using the audiotapes in the film, and expressed interest in interviewing plaintiff. Plaintiff responded by asking for compensation in exchange for her cooperation. Plaintiff alleges she did not hear back from the producer or anyone else associated with the film.

In August 2018, plaintiff saw a "synopsis and trailer" for the film allegedly released by defendants. (Am. Compl. ¶ 17). The trailer referenced "'recently discovered audiotapes' that 'open up a unique window' into Gilda Radner[,] 'whose greatest role was sharing her story.'" (Id.). Plaintiff infers that the tapes in question are the audiotapes of the recorded interviews.

Plaintiff alleges Michael Radner possessed the audiotapes, but did not legally own a copyright in any recorded interview, when the film's producer found the audiotapes in Mr. Radner's attic. Plaintiff claims Mr. Radner therefore lacked the ability to license any portion of the audiotapes to defendants for use in the film.

On August 10, 2018, plaintiff's counsel sent defendant Magnolia Films a letter asserting plaintiff's copyrights in the audiotapes and requesting that defendants credit plaintiff in, and compensate plaintiff for her contributions to, the film. Defendants declined to do so.

Defendants released "Love, Gilda" in September 2018. It allegedly made significant use of the audiotapes and did not credit plaintiff, nor has any defendant otherwise compensated plaintiff for the film's use of the audiotapes.

Plaintiff asserts a copyright infringement claim against the moving defendants only. She also brings a claim against all defendants, styled as one for a declaratory judgment, in which she

seeks "an injunction requiring that [defendants] give Plaintiff access to the Taped Interviews and Derivative Works to enable Plaintiff to register her copyrights." (Am. Compl. ¶ 28). The amended complaint's prayer for relief seeks "a declaratory judgment requiring Defendants to give Plaintiff access to all of the Taped Interviews and Derivative Works." (Id. at 7 ¶ a).

## DISCUSSION

I.  Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[2] First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

---

[2] Unless otherwise indicated, case quotations omit all citations, internal quotation marks, footnotes, and alterations.

II.　Copyright Infringement Claim

The moving defendants argue plaintiff's copyright infringement claim fails as a matter of law because plaintiff undisputedly has not registered a copyright in any recorded interview.

The Court agrees.

To state a claim for copyright infringement, plaintiff must plausibly allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Kwan v. Schlein, 634 F.3d 224, 229 (2d Cir. 2011). Further, pursuant to the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a).[3] This provision "imposes a precondition to filing" a copyright infringement claim. Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 166 (2010). Accordingly, "district courts in the Second Circuit require that a plaintiff either hold a valid copyright registration or have applied and been refused a registration as a prerequisite to" suing a defendant for infringing a copyright. Gattoni v. Tibi, LLC, 254 F. Supp. 3d 659, 663 (S.D.N.Y. 2017) (collecting cases).

Plaintiff concedes she has not registered a copyright in any audiotape of a recorded interview. Indeed, both the amended complaint and plaintiff's opposition to the instant motion acknowledge that plaintiff's "inability to register her [alleged] copyrights deprives her of any right to sue for infringement." (Doc. #26 ("Pl. Opp. Br.") at 10 (citing Am. Compl. ¶ 27)).

Accordingly, plaintiff's copyright infringement claim is dismissed.

---

[3]　This rule does not apply to (among other things) a copyright infringement action seeking "a declaration of ownership" in a copyright. 2 Nimmer on Copyright § 7.16(B)(1)(b)(i) (2019). Plaintiff does not seek such a declaration in this case. Rather, as noted above, the amended complaint requests a "declaratory judgment requiring Defendants to give Plaintiff access to all of the Taped Interviews and Derivative Works so she can register her copyrights." (Am. Compl. at 7 ¶ a).

III.      Declaratory Judgment Claim

The Court likewise dismisses plaintiff's "cause of action [for] declaratory judgment" against the moving defendants, which plaintiff brings under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Am. Compl. at 5 (capitalization altered)).

The Declaratory Judgment Act does not create an independent cause of action. In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726, 731 (2d Cir. 1993). Rather, "[i]ts operation is procedural only—to provide a form of relief previously unavailable. Therefore, a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief." Id. In other words, a plaintiff properly obtains declaratory relief only "based on other laws"—i.e., a law other than the Declaratory Judgment Act—"that the defendant allegedly violated." In re Methyl Tertiary Butyl Ether ("MBTE") Prods. Liab. Litig., 247 F.R.D. 420, 422–23 (S.D.N.Y. 2007).

The Court having dismissed plaintiff's copyright infringement claim, "[p]laintiff has no independent substantive claim" against the moving defendants potentially entitling plaintiff to declaratory relief. KM Enter., Inc. v. McDonald, 2012 WL 4472010, at *19 (E.D.N.Y. Sept. 25, 2012). "Therefore, the cause of action for declaratory relief is appropriately dismissed" as to the moving defendants "for failure to state a claim." Id.

The Court thus dismisses plaintiff's claim against the moving defendants for a declaratory judgment.[4]

---

[4] In her opposition brief, and at times in the amended complaint, plaintiff addresses this claim as though it were one for injunctive relief. Like a declaratory judgment, "an injunction is a remedy, not a separate cause of action." Catalano v. BMW of N. Am., LLC, 167 F. Supp. 3d 540, 563 (S.D.N.Y. 2016). Plaintiff cannot seek the remedy of an injunction absent a viable cause of action. See, e.g., id.

6

IV.     Costs and Attorney's Fees

Lastly, the moving defendants argue the Court should award them costs and attorney's fees pursuant to 17 U.S.C. § 505.

The Court agrees.

Section 505 of the Copyright Act authorizes a court, "in its discretion," to order a copyright litigant to pay an adversary's court costs, and to award a "reasonable attorney's fee" to a "prevailing party."[5]  17 U.S.C. § 505.  Courts deciding whether to do so consider four non-exhaustive factors:  "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  Matthew Bender & Co. v. W. Pub. Co., 240 F.3d 116, 121 (2d Cir. 2001).  The objective reasonableness factor receives "substantial weight." Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1989 (2016).  Courts must also assess each case individually, treat prevailing plaintiffs and prevailing defendants alike, and apply Section 505 in a manner that furthers the Copyright Act's goals.  Id. at 1985–86.

Here, the amended complaint contains one substantive claim—the copyright infringement claim against the moving defendants.  Yet in the very complaint through which plaintiff asserts that claim, plaintiff acknowledges she currently has no right to do so.  (See Am. Compl. ¶¶ 26–27).  Plaintiff's opposition to the instant motion likewise recognizes that plaintiff's "inability to register her copyrights deprives her of any right to sue for infringement."  (Pl. Opp. Br. at 10).

The Court finds objectively unreasonable plaintiff's attempt to prosecute a claim that her own pleading acknowledges she has no right to pursue at this time.  Indeed, in the Court's view, the amended complaint's concession that plaintiff's copyright infringement claim is nonviable

---

[5]     The United States and its officers are exempt from this provision.  17 U.S.C. § 505.

renders that claim frivolous. Although the Court does not discern any improper motive behind plaintiff's claims, nor is the Court eager to award attorney's fees, the Court nonetheless concludes that awarding the moving defendants costs and a reasonable attorney's fee is warranted under the circumstances of this case.

For all these reasons, exercising its discretion and assessing all the relevant factors, the Court grants the moving defendants' motion for an award of costs and a reasonable attorney's fee pursuant to Section 505.[6]

V. <u>Remaining Claim Against Defendant Radner</u>

The Court having dismissed plaintiff's claims against the moving defendants, only one cause of action remains—plaintiff's claim against defendant Radner, styled a claim for a declaratory judgment.

As set forth above, a declaratory judgment is a remedy, not a cause of action. Accordingly, plaintiff and defendant Radner are hereby ORDERED to file a joint letter by September 30, 2019, addressing the status and viability of plaintiff's surviving claim.

---

[6] The moving defendants argue they are entitled to attorney's fees for making two motions to dismiss. The Court disagrees. The Court <u>sua</u> <u>sponte</u> gave plaintiff an opportunity to file an amended complaint after the first motion had been filed. After plaintiff filed the amended complaint, defense counsel chose to file a second motion to dismiss; they could have relied on their first motion. (Doc. #19). Accordingly, it would not be reasonable to award fees for the filing of both motions.

## CONCLUSION

The motion to dismiss and for costs and attorney's fees is GRANTED.

The Clerk is directed to (i) terminate the motion (Doc. #23), and (ii) terminate defendants Magnolia Pictures LLC, 3 Faces Films LLC, Motto Pictures, and CNN Films.

By September 30, 2019, the moving defendants shall submit documentation of their costs and attorney's fees incurred in this case, and a concise explanation of why the requested attorney's fees are reasonable. By October 15, 2019, plaintiff may file an opposition to the fee application.

By September 30, 2019, plaintiff and defendant Michael Radner shall file a joint letter in accordance with the instructions above.

Dated: September 16, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge