UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
HILLARY JOHNSON,                                           :
           Plaintiff,                                    :
  v.                                                       :
                                                          :  **MEMORANDUM**
                                                          :  **OPINION AND ORDER**
MAGNOLIA PICTURES LLC; 3 FACES                             :
FILMS LLC; MOTTO PICTURES; CNN                             :  18 CV 9337 (VB)
FILMS, a division of Turner Broadcasting                   :
Systems, Inc.; and MICHAEL RADNER,                         :
           Defendants.                                   :
--------------------------------------------------------------x

Briccetti, J.:

      Before the Court is plaintiff's motion for reconsideration (Doc. #43) of the Court's Opinion and Order dated September 16, 2019 (Doc. #39), in which the Court granted defendants Magnolia Pictures, LLC, 3 Faces Films LLC, Motto Pictures, and CNN Film's motion to dismiss.

      For the reasons set forth below, the motion for reconsideration is DENIED.

      The Court assumes the parties' familiarity with the factual and procedural background of this case.

**DISCUSSION**

I.    Legal Standard

      "To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also SDNY Local Civil Rule 6.3. The

movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000). Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court." Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995) (citing Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991)). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

II. Application

Plaintiff contends the Court committed several errors in granting defendants' motion to dismiss, resulting in manifest injustice to plaintiff. Specifically, plaintiff first argues the Court mistakenly applied a rigid interpretation of the Copyright Act's registration requirement as a precondition to filing a copyright infringement claim and should have considered waiving the requirement.

The Court disagrees.

Outside of limited exceptions not applicable here, the Copyright Act bars suit for infringement until registration has been made or attempted. Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 888 (2019). Plaintiff relies on Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010), in support of her first argument.

Plaintiff's reliance on Reed is misplaced. In Reed, the Supreme Court determined the registration requirement to maintain an infringement claim does not divest federal courts of subject matter jurisdiction over cases involving unregistered works. Reed Elsevier, Inc. v. Muchnick, 559 U.S. at 166–67. The Supreme Court's holding does not, however, relax the claim-processing requirements of the Copyright Act; it deals only with the registration requirement's effect on challenges to subject matter jurisdiction. Id. Indeed, controlling law holds the registration requirement—"akin to an administrative exhaustion requirement"—must be satisfied to maintain an infringement claim. Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. at 887. Plaintiff's argument therefore is not persuasive.

Second, plaintiff argues the Court erred in failing to consider and apply a judicial, pragmatic exception to the registration requirement, an approach applied by a district court outside this Circuit in Foundation for Lost Boys & Girls of Sudan, Inc. v. Alcon Entertainment, LLC, 2016 WL 4394486 (N.D. Ga. Mar. 22, 2016), a case neither binding nor controlling on this Court.

The Court disagrees.

In Lost Boys, plaintiffs sought, inter alia, an injunction directing defendants to provide copies of unregistered works so plaintiffs could submit registration applications. Found. for Lost Boys & Girls of Sudan, Inc. v. Alcon Entm't, LLC, 2016 WL 4394486, at *4. The district court granted plaintiffs injunctive relief even though the works in question were unregistered. Id. at *7–8.

Yet, in a more recent opinion, a district court within this Circuit declined to follow Lost Boys, relying instead on "precedent in this Circuit dismissing infringement claims based on unregistered copyrights." Whistleblower Prods., LLC v. St8cked Media LLC, 2019 WL

3

3082482, at *6 (E.D.N.Y. July 15, 2019) (collecting cases). Moreover, the court's opinion relied on Supreme Court precedent affirming the registration requirement as a precondition to suit. Id. at *4–5 (citing Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. at 887, 891).

Accordingly, plaintiff fails to show clear error or manifest injustice as to the Court's decision to grant defendants' motion to dismiss.

Third, plaintiff contends the Court unreasonably awarded defendants attorney's fees and costs for their defense in this matter.

Again, the Court disagrees.

The Copyright Act authorizes a court, "in its discretion," to award a "reasonable attorney's fee" to the prevailing party. 17 U.S.C. § 505. As noted in the Court's September 16 Opinion and Order, plaintiff brought a copyright infringement claim against defendants while acknowledging she had no statutory right to do so. This attempt to prosecute an infringement claim was objectively unreasonable and, consequently, frivolous. Accordingly, the Court's decision to award defendants attorney's fees and costs in connection with their defense of plaintiff's case was neither clear error nor manifestly unjust.

Finally, plaintiff argues defendants' attorney's fees and costs are unreasonable.

The Court has yet to determine the reasonableness of defense counsel's fees application (Doc. # 40) or assess an appropriate award. The Court will consider plaintiff's contentions when it considers defense counsel's application.

Having carefully reviewed its earlier decision and the parties' briefing, the Court concludes it did not overlook facts or precedent that might have altered the conclusions reached in its earlier decision. Indeed, nothing in the instant motion persuades the Court that the earlier

decision was wrong in any material respect.  Accordingly, there is no need to correct a clear error or prevent manifest injustice.

## CONCLUSION

The motion for reconsideration is DENIED.

The Clerk is instructed to terminate the motion.  (Doc. #43).

Dated: October 28, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge