UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
HILLARY JOHNSON,
                Plaintiff,

v.

MAGNOLIA PICTURES LLC; 3 FACES
FILMS LLC; MOTTO PICTURES; CNN
FILMS, a division of Turner Broadcasting
Systems, Inc.; and MICHAEL RADNER,
                Defendants.
--------------------------------------------------------------x

**MEMORANDUM<br>OPINION AND ORDER**

18 CV 9337 (VB)

Briccetti, J.:

    On September 16, 2019, the Court (i) granted defendants Magnolia Pictures, LLC, 3 Faces Films LLC, Motto Pictures, and CNN Films's motion to dismiss, and (ii) awarded costs and attorneys' fees pursuant to 17 U.S.C. § 505, subject to the submission of appropriate documentation and an explanation of why the fee request is reasonable. (Doc. #39). On October 29, 2019, the Court denied plaintiff's motion for reconsideration. (Doc. #54).

    Pending before the Court is defendants' application for $23,555.12 in costs and attorneys' fees. (Doc. #40 ("Shatzkin Decl.")). Plaintiff opposes the application. (Doc. #50 at 6–10).

    For the reasons set forth below, as well as for the reasons set forth in the Court's September 16 Opinion and Order, the Court awards defendants $10,206.87 in costs and attorneys' fees.

    The Court assumes the parties' familiarity with the factual and procedural background of this case.

# DISCUSSION

I.  Legal Standard

Section 505 of the Copyright Act permits the Court, "in its discretion," to award costs and a reasonable attorney's fee to the prevailing party. 17 U.S.C. § 505. When fees and costs are awarded, "[t]he party seeking fees bears the burden of demonstrating that its requested fees are reasonable." Abel v. Town Sports Int'l, LLC, 2012 WL 6720919, at *26 (S.D.N.Y. Dec. 18, 2012) (citing Blum v. Stenson, 465 U.S. 886, 897 (1984)). In determining a reasonable fee award, the Court continues to be guided by the Copyright Act's overarching "considerations of compensation and deterrence." Matthew Bender & Co. v. West Publ'g Co., 240 F.3d 116, 121 (2d Cir. 2001) (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)).

This Court utilizes the "lodestar" method to assess a reasonable attorney's fee. Millea v. Metro-North R.R., 658 F.3d 154, 166 (2d Cir. 2011). "[T]he lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates 'a presumptively reasonable fee.'" Id. This lodestar method requires the party seeking fees to identify contemporaneous time records, specifying "each attorney, the date, the hours expended, and the nature of the work done." N.Y.S. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

The attorney's rate must square with those "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Mirologio S.P.A. v. Conway Stores, Inc., 629 F. Supp. 2d 307, 314 (S.D.N.Y. 2009) (quoting Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006)). Ultimately, the rate used in determining a fee award should be what "a reasonable, paying client would be willing to pay."

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008). In assessing the rate, the Court must

> bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case.

Id. at 190.

Following an assessment of counsel's rate, the Court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). "The critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Reiter v. Metro. Transp. Auth. of State of N.Y., 2007 WL 2775144, at *9 (S.D.N.Y. Sept. 25, 2007) (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)). In its discretion, the court may reduce the identified number of hours to account for overbilling, duplicative work, and the like. LV v. N.Y.C. Dep't of Educ., 700 F. Supp. 2d 510, 524 (S.D.N.Y. 2010). Indeed, counsel should not be compensated for hours that are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

When calculating the lodestar, the Court must also remain mindful of the factors set forth in Johnson v. Ga. Highway Exp., Inc.:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d at 186 n.3 (citing Johnson v. Ga. Highway Exp., Inc., 488 F.2d 714, 716 (5th Cir. 1974) (quotation omitted).

II. Application

For the reasons set forth below, defendants' request for $23,555.12 in costs and attorneys' fees is excessive. In an exercise of its discretion, the Court instead awards defendants $10,206.87.

A. Attorneys' Rates

The hourly rates charged by defendants' counsel were, depending on the attorney, either $425 or $400 per hour. These rates square with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Mirologio S.P.A. v. Conway Stores, Inc., 629 F. Supp. 2d at 314 (quoting Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d at 232). Moreover, plaintiff does not challenge defense counsel's rates as unreasonable.

Accordingly, defense counsel's hourly rates are reasonable.

B. Number of Hours Billed

However, defense counsel expended an unreasonable number of hours, given both the weaknesses apparent on the face of plaintiff's pleadings and counsel's experience with copyright cases.

First, the Court declines to award attorneys' fees for time expended drafting the instant application, as such time was not spent in defense of plaintiff's claims but rather in response to this Court's directive. Accordingly, the Court disregards 4.90 hours of the instant fee application, billed at $425 per hour.

4

The court also declines to award fees for time counsel expended reviewing the Court's September 16 Opinion and Order, and corresponding with their clients about same. This time too was not spent in defense of plaintiff's claims. The Court therefore disallows 0.70 hours billed at $425 per hour.

Next, defense counsel's collective 12.2 hours billed to review, research, and respond to plaintiff's demand letter is excessive. The Court appreciates defense counsel's stated reasons for its "robust" demand response. (Doc. #40 at 3). Yet, given the patently meritless nature of plaintiff's claims—as argued repeatedly by defense counsel throughout the pendency of this case—and defense counsel's admitted experience, expertise, and knowledge of copyright law, the number is too high.

Here, a reasonable amount of time for defense counsel's two seasoned attorneys to have spent on this demand letter response is no more than 5.0 hours. Because counsel billed time at varying rates, the Court will distribute 5.0 collective hours on a <u>pro rata</u> basis.[1] Accordingly, defendants are awarded 4.18 hours at $425 per hour, and 0.82 hours at $400 per hour, for work performed prior to the commencement of this litigation.

The Court accepts as reasonable the 2.2 hours, billed at $425 per hour, spent reviewing the original complaint, other initial filings, and correspondence concerning the complaint. However, the 2.7 hours spent reviewing and corresponding about plaintiff's amended complaint is excessive. A reasonable amount of time to have spent analyzing and discussing a document comprising five substantive pages that, in defendants' view, merely re-hashed the defective allegations of the original complaint, is no more than 1.5 hours. Accordingly, the Court will

---

[1]   10.2 hours, or 83.6% of the collective 12.2 hours, was billed at $425 per hour, while 2.0 hours, or 16.4%, was billed at $400.

apportion 1.5 hours and allow 1.0 hour at the $425 rate and 0.5 hours at the $400 rate for this work.[2]

The 2.8 hours expended on preparing defendants' Rule 7.1 Statement also is excessive. A reasonable number of hours to have spent collecting information for, and drafting, a standard two-page document consisting of four brief paragraphs is 1.0 hour. Accordingly, the Court allows 1.0 hour at $425 per hour for such work.

The Court further finds excessive defense counsel's collective 15.5 hours expended in connection with defendants' motion to dismiss the original complaint. The complaint comprises six pages, with nine paragraphs of factual background and two brief causes of action.

The Court makes this finding based on the simplicity of plaintiff's claims, the level of skill required to manage the issues, and the experience and abilities of defense counsel. Moreover, defense counsel spent a significant amount of time—a good portion of which the Court finds reasonable—on defendants' pre-litigation demand response. With much of the leg work already done, a reasonable amount of time to have spent on the motion addressing two simple, meritless claims is no more than 8.0 hours. Again, the Court must compute defense counsel's pro rata shares to reflect an appropriate award.[3] Accordingly, defendants are awarded 5.3 hours at $425 per hour, and 2.7 hours at $400 per hour, for time expended on the motion to dismiss.

For the same reasons, the Court finds excessive the collective 5.6 hours spent on defendants' reply brief in further support of dismissal. Defendants' succinct reply appropriately

---

[2] 1.8 hours, or 66.7% of the collective 2.7 hours, was billed at $425 per hour, while 0.9 hour, or 33.3%, was billed at $400.

[3] 10.2 hours, or 65.8% of the collective 15.5 hours, was billed at $425 per hour, while 5.3 hours, or 34.2%, was billed at $400.

responds to plaintiff's opposition in short order. Indeed, it characterizes the amended complaint and plaintiff's opposition simply as re-hashing the same meritless arguments of the original complaint. This was hardly heaving lifting. And with the benefit of robust pre-litigation research, a reasonable amount of time to have spent on defendants' reply is 3.0 hours. Proportionately, the Court awards 1.75 hours at $425 an hour, and 1.25 hours at $400 an hour.[4]

Finally, the Court finds excessive the collective 8.8 hours defense counsel spent reviewing insurance policy obligations respecting defendant Michael Radner, and coordinating potential joint defense and discovery strategies. Indeed, plaintiff's two causes of action were— according to defendants—completely lacking in merit, objectively unreasonable, and legally baseless. (Doc. ##24, 27). Here again, most of the groundwork was complete, from time spent researching and drafting a response to the pre-litigation demand letter and the motion to dismiss. Moreover, a significant amount of this time was spent on discovery strategy when the motion to dismiss was still pending and a discovery schedule had not been issued. Accordingly, the Court will allow recovery for 3.0 hours, at $425 an hour.

Based on the itemization above, the Court finds an appropriate and reasonable fee award to be 18.43 hours of work at a rate of $425 per hour ($7,832.75), and 5.27 hours of work at a rate of $400 per hour ($2,108.00), for a total of $9,940.75 in attorneys' fees.

As for costs, the Court accepts the requested amount, less $1.50 for the disputed postage charge on defense counsel's initial invoice. Accordingly, defendants are awarded $266.12 in reimbursable costs.

The total award therefore is $10,206.87.

---

[4] 3.5 hours, or 62.5% of the collective 5.6 hours, was billed at $425 per hour, while 2.1 hours, or 37.5%, was billed at $400.

7

The above award is faithful to the purposes of Section 505 of the Copyright Act, which "encourages parties with strong legal positions to stand on their rights and deter[] those with weak ones from proceeding with litigation." Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1986 (2016). At the same time, it does not unfairly or disproportionately punish plaintiff.

**CONCLUSION**

The Court awards costs and a reasonable attorney's fee to defendants Magnolia Pictures, LLC, 3 Faces Films LLC, Motto Pictures, and CNN Films, in the total amount of $10,206.87.

Dated: October 31, 2019
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge